1997 ND 236

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Mark A. RAYMOND, a member of the Bar of the State of North Dakota.**

**DISCIPLINARY BOARD OF THE SUPREME COURT OF THE STATE OF NORTH DAKOTA, Petitioner,**

v.

**Mark A. RAYMOND, Respondent.**

No. 970342.

Supreme Court of North Dakota.

Dec. 8, 1997.

---

**ORDER OF SUSPENSION**

On March 24, 1997, Mark A. Raymond was served with a Petition for Discipline. The

Petition alleged that Mr. Raymond was admitted to the Bar of North Dakota on March 23, 1993, but that he did not renew his license to practice law for 1996 nor for 1997. The Petition further alleged that Mr. Raymond had represented Perry A. Lee, Sr., in a reduction of child support matter and that Mr. Lee had paid him $800. The Petition alleges that Mr. Raymond did not diligently represent Mr. Lee in the child support reduction matter, did not make reasonable efforts to keep his client reasonably informed about the matter and failed to properly comply with Mr. Lee's reasonable requests for information and for the return of his records. The Petition further alleges that Mr. Raymond abandoned his client by changing his address and not informing Mr. Lee of how he could contact Mr. Raymond. Mr. Raymond did not file a Response to the Petition for Discipline as required in Rule 3.1(D), North Dakota Rules for Lawyer Discipline (NDRLD).

The Petition for Discipline requests that Mark A. Raymond be disciplined for violations of North Dakota Rules of Professional Conduct (NDRPC) Rules 1.4 (a lawyer shall make reasonable efforts to keep a client reasonably informed about the status of a matter and promptly comply with a client's reasonable requests for information); 1.5(a) (a lawyers fees shall be reasonable); 1.16(e) (upon termination of representation, a lawyer shall take steps to the extent practicable to protect a client's interest); 8.1(b) (knowingly failing to respond to a lawful demand for information from a disciplinary authority) and NDRLD Rule 1.2A(8) (engaging in conduct prejudicial to the administration of justice).

The matter was assigned to a Hearing Body. On October 13, 1997, the Hearing Body filed its Report finding that Mr. Raymond did not file a Response and under Rule 3.1(E)(2), NDRLD, the charges in the Petition are deemed admitted. The Hearing Body Report incorporated the factual allegations of the Petition by reference as Findings of the Hearing Body. The Hearing Body further found aggravating circumstances under Standard 9.22, North Dakota Standards for Imposing Lawyer Sanctions (NDSILS) (knowingly failing to submit a written response within twenty days of receipt of the complaint as required under Rule 3.1(D)(3), NDRLD). The Hearing Body recommended that Mr. Raymond be suspended from the practice of law for a period of six months and that he pay the costs and expenses of the disciplinary proceedings.

The Disciplinary Board adopted the Findings and Recommendations of the Hearing Body and approved costs and expenses of the proceedings in the amount of $265. The Disciplinary Board filed its Report, the Hearing Body Report and Affidavit of Costs and Expenses for consideration by the Supreme Court under Rule 3.1(G) NDRLD. The Court considered the matter, and

ORDERED, that Mark A. Raymond's certificate of admission to practice law in North Dakota is suspended for a period of six months effective immediately.

IT IS FURTHER ORDERED, that Mark A. Raymond pay the costs and expenses of the disciplinary proceedings in the amount of $265 payable to the Secretary of the Disciplinary Board.

IT IS FURTHER ORDERED, that Mark A. Raymond provide proof of compliance with Rule 6.3, NDRLD, within 10 days of the effective date of this Order.

/s/ Gerald W. Vande Walle
Gerald W. Vande Walle
Chief Justice

/s/ Herbert L. Meschke
Herbert L. Meschke
Justice

/s/ William A. Neumann
William A. Neumann
Justice

/s/ Dale V. Sandstrom
Dale V. Sandstrom
Justice

/s/ Mary Muehlen Maring
Mary Muehlen Maring
Justice